UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM and JANICE FILION, and HOUSE OF SHALOM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BOI-CODE ENFORCEMENT LOS ANGELES COUNTY, CALIFORNIA, et al., <br><br> Defendants. | 3:08-CV-00541-LRH-RAM <br><br> <u>ORDER</u> |

Before the court is Plaintiffs William and Janice Filion's Motions to Dismiss (## 28, 29, 30[1]). No response has been filed.

On July 21, 2009, the court entered two minute orders (##26, 27) dismissing Plaintiffs' claims. In the minute orders, the court granted Defendant Litton's Motion to Dismiss for Failure to State a Claim (#3) and found that despite being notified on February 9, 2009, Plaintiffs had failed to serve Defendants with the summons and the complaint. Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), the court dismissed the case.

Through the motions to dismiss now before the court, Plaintiffs assert the following arguments: (1) the minute orders are invalid because the Clerk of the Court did not sign them;

---

[1] Refers to the court's docket entry number.

(2) the court erred in granting the motion to dismiss for failure to state a claim because the court assessed the complaint without regard to the fact that Plaintiffs are pro se litigants; (3) the motion to dismiss for failure to state a claim was untimely; (4) the requirements of Federal Rule of Civil Procedure 4 are a mere technicality and, as such, the requirements do not apply to pro se litigants and (5) this court is "bias[ed] and prejudicial."

Plaintiffs continue to misunderstand the rules governing service of process as outlined in Federal Rule of Civil Procedure 4. In relevant part, Rule 4(c)(1) provides, "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." Fed. R. Civ. P. 4(c)(1). Rule 4(m) states, "If a defendant is not served within 120 days after the complaint is filed, the court- on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice . . . ." Fed R. Civ. P. 4(m).

As noted, on February 9, 2009, the court issued an order (#20) notifying Plaintiffs that the action would be dismissed if Plaintiffs failed to provide proof of service on the various defendants on or before February 19, 2009. In response, Plaintiffs appear to have attempted to serve Defendants by mail. However, to effectuate service by mail, plaintiffs must obtain from the defendants a waiver of service of the summons. *See* Fed. R. Civ. P. 4(d). Plaintiffs have produced no evidence indicating that Defendants waived service here.

Thus, despite repeated notice, over a year after initiating this action, Plaintiffs have made no showing that Defendants have been properly served with the summons and complaint. Pursuant to Rule 4(m), the court properly dismissed this action without prejudice.

The cases Plaintiffs cite do not support their contention that the requirements of Rule 4 do not apply to pro se litigants. To the contrary, the Supreme Court has stated, "[W]e have never suggested that the procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). The Ninth Circuit has further stated, "Although we construe pleadings liberally in their

1 favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th
2 Cir. 1995) (*citing King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

3    Finally, the court notes that the Clerk of the Court signed the minute orders with "/s/" rather
4 than signing his full name.  Special Order 109 provides, "A signature may be either in the form of
5 "/s/[name]" or a facsimile of a handwritten signature."  D. Nev. Special Order No. 109,
6 Authorization for Conversion to Case Management/Electronic Case Filing (Oct. 27, 2005),
7 Electronic Filing Procedures (Aug. 24, 2006) at 6.  Because the minute orders bear the Clerk's
8 signature in an approved form, the minute orders are valid.

9    IT IS THEREFORE ORDERED that Plaintiffs' Motions to Dismiss (##28, 29, 30) are
10 DENIED.

11    IT IS SO ORDERED.
12    DATED this 14th day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE